UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

Raymond J. Fisher,  No. 16-10692

　　　　　　　　Debtor(s).
_____/

Memorandum on Motion to Extend Automatic Stay
_____

    On January 12, 2016, debtor Raymond Fisher filed what is easily described as the classic bad faith petition. Representing himself, he filed the absolute minimum necessary to begin a Chapter 13 case, including a list of creditors containing only one name. He never did anything further, and the case was dismissed 14 days later, after notice to him, when he failed to file the required schedules, statement of affairs and plan. He filed the Chapter 13 petition commencing this case on August 15, 2016, through an attorney. His list of creditors now contains over 30 names. Because this case was filed within 12 months of the first case, the automatic stay lasts only 30 days unless extended by the court. His motion for that extension is now before the court.

    Section 362(c)(3)(B) of the Bankruptcy Code provides that the automatic stay may be extended only if the debtor demonstrates that the filing of the later case was in good faith. Fisher argues that the court should therefore look only to this case in determining good faith, so that a debtor has one "free" bad faith filing before needing to file in good faith. While the statute takes some effort to parse, when the effort is made it is clear that this is not the law.

1

Section 362(c)(3)(C)(ii)(II)(aa) in essence provides that the second case is presumptively filed in bad faith if the first case was dismissed after the debtor failed to file documents without substantial excuse. The presumption can be overcome only by clear and convincing evidence.

Fisher's first case was dismissed because he failed to file all the required documents other than the petition, list of creditors and statement of social security number. Fisher argues that the presumption of abuse can be rebutted by showing that he filed without a lawyer, but that is one of the hallmarks of a bad faith filing; no reputable attorney is going to represent a debtor who has no intention of complying with bankruptcy law. Moreover, Fisher completely glosses over the fact that he lied to the court in the first case by declaring that he only had one creditor. He has demonstrated only cynicism about the bankruptcy process, not good faith.

This case was presumptively filed in bad faith because the prior case was dismissed for failure to file documents and at least one of the documents Fisher did file was false. Fisher has not come close to rebutting the presumption of bad faith by clear and convincing evidence. His motion for extension of the automatic stay will therefore be denied. The court will enter an appropriate form of order.

Dated: September 19, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge